## THE VULCAN DETINNING COMPANY

*v.*

## THE AMERICAN CAN COMPANY.

[Argued March 14th, 1912.   Decided May 26th, 1913.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell.

*Mr. Robert H. McCarter* and *Mr. Henry Wollman* (of the New York bar), for the detinning company.

*Mr. Richard V. Lindabury* and *Mr. Julius F. Workum* (of the New York bar), for the can company.

PER CURIAM.

In the opinion promulgated in this case at the last November term of this court (*80 N. J. Eq.* (*10 Buch.*) *443*) it was held that in the accounting between the parties the defendant was entitled to be credited not only with the various items set forth in the report of the master, but also with certain other items which we specified.

Our attention is now called to the fact that the opinion is silent with respect to the question whether the defendant is entitled to be allowed interest on these various items, including those credited to it by the master; and (counsel being in doubt about the matter) we are asked to declare whether or not it was our intention that such interest should be allowed.

It was stated in the opinion that the sole purpose of the accounting was the ascertainment of the actual net profit made by the defendant company in the conduct of the business of detinning tin scrap during the period of the accounting; and that, in an accounting had for that purpose, the defendant was entitled to be credited with the expenditures made by it in the carrying on of the business, and for the benefit of the business.

Upon the theory on which this account is had the defendant, having made these expenditures out of its own funds, is entitled to be allowed interest thereon from the time when each of them respectively was made; for, in ascertaining the actual profits of a business venture, the interest on a fund invested in or spent in carrying on such venture is as much a part of the outlay of the persons engaged in it as is the expenditure of the principal itself.

In addition to the alterations to be made in the master's account, and heretofore specified by us in our opinion, the *remittitur* in the cause will provide that in the restating of the account the defendant shall be credited with interest on each of the expenditures made by it and for which allowance is made to it by the master, and also upon those items which were excluded by the master on the accounting, but for which, as we have already held, the defendant is entitled to an allowance, and which we have heretofore specifically indicated.